By the Court.—Sedgwick, Ch. J.
The defendant made an agreement with the plaintiff, in consideration of which' the plaintiff paid her $750. The agreement was that the plaintiff might have the option of buying certain land upon which there was certain mining machinery belonging to the defendant. She did not own the land, but had a contract for its sale to her. The agreement had this clause, “ Should you decide not to purchase the said properties, then the $750 to be paid to me on the delivery of this letter are forfeited by you and belong to me. You, however, can take possession of the machinery on said properties and dispose of the same at your pleasure.”
I am of opinion that the transaction comprises the legal constituents of a sale of the machinery, and that there was a contract of sale, which was executed upon the plaintiff afterward taking, as he did take possession of the same. He elected not to take the land. The complaint alleges that at the time of the making of the contract the defend-ant was not in possession of the machinery. The answer seems to deny this. The proof shows that the defendant was, when she sold, in possession through her agent. The law implies a warranty by her of title.
This action is brought upon an allegation that she was without title, and therefore had made a breach of the warranty. The proof was clearly the other way, and that she had delivered possession to the plaintiff. The only proof that was used in attempting to show her want of title, was *385 what was also used to show that the plaintiff had been deprived of possession. It was an action brought in North Carolina by third persons against the agent of the defendant (the plaintiff in this action), who held possession of the machinery for the said defendant, on the claim that they owned the property, and that the defendant in the action wrongfully withheld it. The plaintiffs had judgment in that action, and it was executed by the property being delivered to them. The plaintiff here gave notice to this defendant that the action in North Carolina had been begun, and demanded that she should defend it. This proves nothing. The jjresent defendant was not bound to defend that action, when the plaintiff’s agent had a full de.fense, if the issue were the defendant’s title at the time of the contract. And the evidence here shows such a defense, and that the defendant had title at the time of the contract. There was nothing even to show that the issue in the former action involved any claim in derogation of a claim of title in defendant at and before the making of the contract. From all that, it appears, the claim may have been made of title proceeding from this plaintiff.
The court refused to allow the defendant to prove that when the contract was made, before it was signed by defendant, the plaintiff said to her that all he cared for was the land, and that the machinery was of no consequence, and he cared nothing about them. I think the court was correct. His indifference to the machinery did not deprive him of the benefits of the contract as to it that was actually made. If at the time, the declaration had been made by the plaintiff that he knew the defendant had no title, or by the defendant that she had none, which could not have been declared under the facts, a différent question would be presented.
My opinion is that the exceptions should be sustained, the verdict set aside, and a new trial ordered, with costs of the argument to abide the event.
Truax, J., concurred.